UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM T. DAWSON, JR.,

      **Plaintiff,**

                                      **Case No 2:23-cv-1627**

   v.                                **Judge Edmund A. Sargus, Jr.**

                                      **Magistrate Judge Chelsey M. Vascura**

PATRICK E. SHEERAN, *et al.*,

      **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Vacate Order & Clerk's Judgment (ECF No. 8) and Motion for Hearing on Judicial Disqualification (ECF No. 15). For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Vacate and **DENIES** Plaintiff's Motion for Hearing on Judicial Disqualification.

## BACKGROUND

A brief summary of this case's procedural background is warranted. Plaintiff filed his complaint and sought leave to proceed *in forma pauperis*. (Mot., ECF No. 3.) The Magistrate Judge recommended that Plaintiff's application to proceed *in forma pauperis* be denied. (R&R, ECF No. 4.) The R&R further recommended that Plaintiff be given 14 days to pay the $402.00 filing fee, or else his case would be dismissed without prejudice. (*Id.*) This Court adopted the R&R over Plaintiff's Objection (ECF No. 5), and because Plaintiff had not paid the filing fee, the Court dismissed his complaint without prejudice. (ECF No. 6.) However, this Court should have adopted the R&R and ordered Plaintiff to pay the filing fee within 14 days of that Order.

Thereafter, the Court issued a judgment which inadvertently dismissed Plaintiff's

1

Complaint with prejudice.  (Judgment, ECF No. 7.)  This Court entered a *nunc pro tunc* Order to clarify that this case should have been dismissed *without* prejudice.  (ECF No. 12.)  The Clerk then entered an amended judgment clarifying that the case was closed without prejudice.  (ECF No. 13.)

To make matters more complicated, Plaintiff had attempted to pay part of the filing fee after objecting to the Magistrate Judge's R&R; on June 12, 2023, the Clerk's Office received a $300.00 check from Plaintiff.  (ECF No. 15, at PageID # 269.)  Given that there was no order requiring the fee to be paid, the Clerk's Office returned the check to Plaintiff.  (*Id.*)  The Clerk's Office advised Plaintiff that it could only process the check once this Court ordered partial or full payment of the fee.  (*Id.*)  The Court was unaware of this attempted partial payment until it reviewed the exhibits attached to Plaintiff's Motion.  (*Id.*)

Plaintiff now moves the Court to vacate its prior Order and Judgment under Federal Rule of Civil Procedure 60(b)(3) and 60(b)(5), alleging fraud on the Court.  (ECF No. 8.)  He further moves for an evidentiary hearing to determine whether the undersigned endorsed the Order adopting the Magistrate Judge's R&R and whether Plaintiff should file a motion for disqualification.  (ECF No. 15.)

These matters are ripe for the Court's review.

### STANDARD OF REVIEW

Plaintiff moves pursuant to Rule 60(b)(3) and 60(b)(5), alleging fraud on the Court.  "A party seeking relief from judgment 'has the burden of proving [the] existence of fraud on the court by clear and convincing evidence.'"  *Kline v. Mortg. Elec. Registration Sys.*, No. 3:08-CV-408, 2016 WL 3926481, at *3 (S.D. Ohio July 18, 2016), *aff'd sub nom. Kline v. Mortg. Elec. Registration Sys., Inc.*, 704 F. App'x 451 (6th Cir. 2017) (quoting *Johnson v. Bell*, 605 F.3d 333,

339 (6th Cir. 2010)).

Courts may also relieve parties from judgment when mistakes have occurred.  Fed. R. Civ.

P. 60(b)(1).  "[A] Rule 60(b)(1) motion is intended to provide relief in only two situations: (1)

when a party has made an excusable mistake or an attorney has acted without authority, or (2)

when the judge has made a substantive mistake of law or fact in the final judgment or order."

*United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*,

226 F.3d 483, 490 (6th Cir. 2000)).

## ANALYSIS

Plaintiff requests (I) relief pursuant to Rules 60(b)(5) and 60(d)(3), alleging fraud on the

Court; and (II) an evidentiary hearing to determine whether the undersigned actually issued the

Orders he complains of.  (ECF Nos. 8, 15.)  The Court addresses each request in turn.

**I.      Plaintiff's Motion for Relief from Judgment**

Plaintiff moves to vacate this Court's Order (ECF No. 6) and Judgment (ECF Nos. 7, 13).

Plaintiff believes the Order intentionally created a nonexistent filing fee deadline, and "that

someone, other than Sargus, issued the Order and [Judgment in a Civil Action] . . . ."  (Pl. Mot.,

ECF No. 8, at PageID # 202–03.)  Plaintiff also asserts that the Court dismissed his case in order

to avoid conducting an "informal preliminary conference," that he needs a preliminary injunction

to guard against the statute of limitations, and that he needs to depose the Court and its staff for

his Motion to Vacate.[1]  (ECF No. 9.)  Plaintiff has not provided grounds for having a Rule 65.1

Conference or an injunction, nor has he explained how a preliminary injunction would affect the

---

[1] Plaintiff also alleges that he sent a letter requesting a Rule 65.1 Conference in July 2023 so he
could seek a preliminary injunction thereafter.  (ECF No. 8, at PageID # 201.)  The Court has no
record of receiving this letter, though Plaintiff attaches a letter to his Motion for Hearing.  (ECF
No. 15, at PageID # 271.)

statute of limitations involved in his claims.

While the Court adopted and affirmed the Magistrate Judge's R&R denying Plaintiff *in forma pauperis* status, it should have ordered Plaintiff to pay the filing fee within 14 days rather than dismissing his complaint.  The Undersigned assures Plaintiff that these mistakes were not intentional, and that the Undersigned did, in fact, issue the Order and direct the Judgment.  Rule 60(a) and (b)(1) specifically provide for relief where mistake or inadvertence has occurred.  Fed. R. Civ. P. 60(a)–(b)(1).  Accordingly, while the Court does not find grounds for relief under Rule 60(b)(3) or 60(d)(5) for alleged fraud, the Court does find grounds for granting relief under Rule 60(b)(1).

Because Plaintiff is entitled to relief under Rule 60(b)(1), the Court **VACATES** the Order and Judgment, **ADOPTS and AFFIRMS** the Magistrate Judge's R&R denying Plaintiff *in forma pauperis* status, and **ORDERS** Plaintiff to pay the filing fee within 14 days of the date of this Order.  Upon receipt of his filing fee, the Court requests that the Magistrate Judge conduct a preliminary screen pursuant to 28 U.S.C. § 1915.[2]

## II.     Plaintiff's Request for an Evidentiary Hearing

Plaintiff requests an "evidentiary hearing" to determine whether the undersigned actually endorsed the Orders.  (ECF No. 15, at PageID # 267.)  Plaintiff's conclusory allegations regarding intentional errors and bad faith on the part of the Court are unsupported.  He has not demonstrated a need for an evidentiary hearing.  Accordingly, his request for an evidentiary hearing to confirm that the undersigned issued the ruling, is **DENIED**.

---

[2] The Magistrate Judge previously advised Plaintiff that, even if he pays the filing fee, his complaint may be barred by the doctrines of judicial and prosecutorial immunity.  (R&R, ECF No. 4, at PageID # 184.)

**CONCLUSION**

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Vacate Order and Clerk's Judgment (ECF No. 8) and **DENIES** Plaintiff's Motion for Hearing on Judicial Disqualification (ECF No. 15).

The Clerk is **DIRECTED** to **VACATE** the Judgment (ECF No. 13) and the Order Adopting Magistrate Judge's Report and Recommendation (ECF No. 6) and reopen this case. The Court **ADOPTS and AFFIRMS** the Report and Recommendation (ECF No. 4), and **ORDERS** Plaintiff to pay the full $402.00 filing fee within 14 days from the date of this Order if he wishes to proceed.

**IT IS SO ORDERED.**

4/22/2024                                              s/Edmund A. Sargus, Jr.
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                      **UNITED STATES DISTRICT JUDGE**

5