UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM T. DAWSON, JR.,**

    **Plaintiff,**

    v.

**PATRICK E. SHEERAN,** *et al.***,**

    **Defendants.**

Case No 2:23-cv-1627
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

**ORDER**

This matter is before the Court on multiple, *pro se*, post-judgment motions and filings by Plaintiff William T. Dawson, Jr. (ECF Nos. 20–25.) The Court rules on the motions and filings below.

**I. Background**

On April 22, 2024, the Court issued an Order vacating its August 7, 2023 Order and Judgment. (ECF Nos. 6, 7, 16.) In the prior Order, the Court had mistakenly, upon adopting and affirming the Magistrate Judge's Report and Recommendation denying Mr. Dawson's *in forma pauperis* ("IFP") status, dismissed without prejudice the case, rather than ordering Mr. Dawson to pay the filing fee within 14 days. (ECF No. 16, PageID 276.) Mr. Dawson had concerns that someone other than the Undersigned or the Undersigned's Courtroom Deputy had issued August 2023 Order and Judgment. (*Id.*) The Court assured Mr. Dawson that the Undersigned did, in fact, issue the August 2023 Order and Judgment and the error was not intentional. (*Id.*) And to remedy the mistake, the Court vacated the August 2023 Order and Judgment, adopted and affirmed the Magistrate Judge's Report and Recommendation denying Mr. Dawson IFP status, and ordered

Mr. Dawson to pay the full filing fee of $402 within 14 days of the date of the Order. (*Id.*) The Court denied Mr. Dawson's request for an evidentiary hearing, explaining his conclusory allegations of intentional errors and bad faith by the Court were unsupported. (*Id.*)

On May 15, 2024, the Magistrate Judge issued another Report and Recommendation, noting that Plaintiff had failed to comply with the Court's April 2024 Order because he had neither paid the filing fee nor requested an extension of time to do so. (ECF No. 17, PageID 279.) Mr. Dawson was given 14 days to object to the May 2024 Report and Recommendation, but failed to do so. On July 9, 2024, this Court issued an Order adopting and affirming the May 2024 Report and Recommendation and dismissing without prejudice the action for lack of prosecution and failure to comply with the Court's Order. (ECF No. 18, PageID 283.) The Court entered Judgment and terminated the case. (*Id.*; ECF No. 19.)

Since the Court's Judgment, Mr. Dawson has made several filings. (ECF Nos. 20–25.)

## II. Motion to Vacate and Objections (ECF Nos. 20, 20-1, 21)

On August 19, 2024, more than a month after this case was closed, Mr. Dawson filed his Motion to Vacate Order Dismissing Case & Clerk's Judgment. (ECF No. 20.) Mr. Dawson attaches what he says were his objections to the May 2024 Report and Recommendation, that he mailed on May 23, 2024, and claims the Court purposefully did not file these documents. (*Id.* PageID 294; ECF No. 20-1.) Docket entry number 21, titled Mr. Dawson's Objection to the May 2024 Report and Recommendation, is one of the objections attached to his Motion to Vacate. (*See* ECF Nos. 20-1, 21.) Mr. Dawson believes that the Court and its staff are conspiring to ensure the merits of his case are not reached. (*Id.* PageID 294). Mr. Dawson also recounts the merits of his underlying claims. (*Id.* PageID 295.)

Yet in his Motion, Mr. Dawson admits that he did not pay the filing fee or present a

2

response to the Court's July 2024 Order: "Because of, all of, the lies and the fact 'that, he did not have the $402.00, on his account, any more,' Dawson did not pay the $402.00 or, even present a response." (ECF No. 20, PageID 293.)

Mr. Dawson moved to vacate more than 28 days after Judgment was entered, which makes Federal Rule of Civil Procedure 60(b) the appropriate mechanism to vacate the Judgment. *See* Fed. R. Civ. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment."). Under that Rule 60(b), the Court may relieve a party from a final judgment for any of these reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relies.

Fed. R. Civ. P. 60(b). None of the above applies here. Although the Court applied Rule 60(b)(1) to correct its mistaken entry of Judgment in August 2023, no mistake occurred when the Court entered its July 2024 Order and Judgment. (ECF Nos. 18, 19.) No fraud has occurred despite Mr. Dawson urging otherwise, making Rule 60(b)(3) inapplicable. Nor do subsections (b)(2), (4), (5) or (6) apply. Mr. Dawson's Motion to Vacate is **DENIED**. (ECF No. 20.)

The Court considers Mr. Dawson's Objections to the May 2024 Report and Recommendation on the merits given Mr. Dawson's representation that he sent them in timely, even though the docket reflects they were not received. But his Objections repeat his arguments

3

above—that the Court's Orders have been based on "lies," conspiracy, and fraud. For the same reasons as articulated above and in previous Court Orders, Mr. Dawson's conspiratorial speculations are meritless, and his Objections are **OVERRULED**. (ECF Nos. 20-1, 21.)

### III. Motions for Contempt (ECF Nos. 22, 23, 25)

Mr. Dawson files a series of motions for contempt: "Motion for Contempt against Judge Edmund A. Sargus, Jr., and Magistrate Judge Chelsey M. Vascura, Deputy Clerk of Court Christen M. Werner, Chief Judge Algenon L. Marbley and Deputy Clerk of Court JLK" (ECF No. 22), "Motion for Contempt against Magistrate Judge Chelsey M. Vascura and Judge Michael H. Watson" (ECF No. 23), and "Motion for Criminal Contempt with Criminal against US District Judges" (ECF No. 25).

In support of the above Motions, Mr. Dawson cites, 18 U.S.C. §§ 401(2), (3). This statute allows district courts to hold parties in criminal contempt, not the inverse. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) ("criminal contempt . . . is punitive, to vindicate the authority of the court"). Mr. Dawson is a party, not an Article III court, and has no authority to enforce § 401.

Mr. Dawson's motions for contempt are all **DENIED**.

### IV. Offer of Compromise and Settlement (ECF No. 24)

In a filing titled "Offer of Compromise and Settlement" (ECF No. 24), Mr. Dawson proposes a compromise to certain Judges in this Court, including the Undersigned, as well as Court staff in this proceeding and another case that was before Judge Michael H. Watson—*Dawson v. Sargus et al.*, Case No. 2:24-cv-2175 (S.D. Ohio May 6, 2024). In exchange for the release of certain prisoners including himself and a payment of $30,000 (ECF No. 24, PageID 426), Mr. Dawson offers to voluntarily dismiss all of the claims here and in the *Dawson v.*

*Sargus* case, and "will, never, raise them, again" (*id.* PageID 427).

Both this case and the *Dawson v. Sargus* case are closed. There are no claims to settle or adjudicate. Mr. Dawson's Offer of Compromise and Settlement is **DENIED**. (ECF No. 24.)

V. **Conclusion**

The Court rules as follows:

Mr. Dawson's Motion to Vacate Order Dismissing Case & Clerk's Judgment is **DENIED**. (ECF No. 20.)

Mr. Dawson's Objections are **OVERRULED**. (ECF Nos. 20-1, 21.)

Mr. Dawson's Motion for Contempt against Judge Edmund A. Sargus, Jr., and Magistrate Judge Chelsey M. Vascura, Deputy Clerk of Court Christen M. Werner, Chief Judge Algenon L. Marbley and Deputy Clerk of Court JLK (ECF No. 22), Motion for Contempt against Magistrate Judge Chelsey M. Vascura and Judge Michael H. Watson (ECF No. 23), and Motion for Criminal Contempt with Criminal against US District Judges (ECF No. 25) are **DENIED**.

Mr. Dawson's Offer of Compromise and Settlement is **DENIED**. (ECF No. 24.)

District courts have inherent power to control their dockets. *RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 669 (6th Cir. 2024). Mr. Dawson's post-judgment filings are collectively over 200 handwritten pages in length. Mr. Dawson is **DIRECTED TO CEASE** filing documents with the Court, which has been closed since July 9, 2024. (ECF No. 19.) Any future filings by Mr. Dawson here will be **STRICKEN**. This case remains closed.

**IT IS SO ORDERED.**

**3/11/2025**                                   s/Edmund A. Sargus, Jr.
**DATE**                                        **EDMUND A. SARGUS, JR.**
                                                **UNITED STATES DISTRICT JUDGE**

5